IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LEWIS L. MCDONALD,  )
                    )
    Petitioner,    )
                    )
v.                  )   Civil Action No. 3:24-cv-784–HEH
                    )
JEFFREY ARTRIP,     )
                    )
    Respondent.    )

**MEMORANDUM OPINION**
(Dismissing Without Prejudice 28 U.S.C. § 2254 Petition)

THIS MATTER is before the Court on a 28 U.S.C. § 2254 petition ("§ 2254 Petition," ECF No. 3) by Lewis L. McDonald, a Virginia inmate proceeding *pro se*, challenging his convictions in the Chesterfield County Circuit Court ("Circuit Court"). Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or by a state habeas proceeding. McDonald's § 2254 Petition failed to indicate that he had presented his claims to the Supreme Court of Virginia by direct appeal or in a state habeas proceeding. Accordingly, on December 20, 2024, the Court directed McDonald to show cause, within twenty (20) days thereof, as to why his § 2254 Petition should not be dismissed for lack of exhaustion. (ECF No. 5.) McDonald filed a response. (ECF No. 6.)

"As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' *Bowen v. Johnston*,

306 U.S. 19, 27 (1939), courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding. Conversely, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (citations omitted); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation marks omitted) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand.").

In his response, McDonald concedes that he did not present his claims to the Supreme Court of Virginia because he "has given up hope in the state court for obtaining such relief due to state courts' many negative and inadequate responses to previous motion to vacate being filed." (ECF No. 6, at 1 (punctuation corrected).) Attached to his response is a "MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN STATE CUSTODY" form that he refers to as a motion to vacate under 28 U.S.C. § 2255. (ECF No. 6-1, at 4; *see id.* at 23.) McDonald apparently attempted to file

in the Chesterfield Circuit Court and received no response.[1] McDonald contends that because the Circuit Court failed to "process[] or rule[] upon" his motion, he "could not appeal such a motion to the Supreme Court of Virginia." (ECF No. 6, at 3.) McDonald's arguments fail to excuse his lack of exhaustion, as any alleged failure to process his motion to vacate in the Circuit Court has not prevented him from exhausting his state court remedies in the Supreme Court of Virginia. *See* Va. Code Ann. § 8.01-654(A) (West 2024) ("A petition for a writ of habeas corpus ad subjiciendium may be filed in the Supreme Court or any circuit court showing by affidavits or other evidence that the petitioner is detained without lawful authority"). Thus, McDonald fails to demonstrate he has exhausted his state remedies. Moreover, McDonald fails to demonstrate any exceptional circumstances that would warrant the consideration of his habeas petition at this time. Accordingly, McDonald's § 2254 Petition will be dismissed without prejudice to re-file after he has exhausted his state court remedies for all of his claims.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not be issued unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

---

[1] A motion to vacate under 28 U.S.C. § 2255 would not be an appropriate motion to file to challenge a state court conviction in state court. That motion would be appropriately filed in federal court to challenge a federal conviction. Moreover, the federal rules that McDonald repeatedly cites would also have no applicability in state court.

'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, 893 n.4 (1983)). No law or evidence suggests that McDonald is entitled to further consideration in this matter. A COA will therefore be denied.

An appropriate Order shall accompany this Memorandum Opinion.

                                              /s/
                            Henry E. Hudson
Date: February 25, 2025    Senior United States District Judge
Richmond, Virginia